IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
FRANCO ILARIUCCI-COLON,       )    CIVIL 16-00030 LEK-RLP
                              )
          Plaintiff,          )
                              )
     vs.                      )
                              )
QUEEN'S MEDICAL CENTER, STATE )
OF HAWAII, U.S. ATTORNEY'S    )
OFFICE, ET AL.,               )
                              )
          Defendants.         )
_____ )
```

**ORDER DISMISSING CASE WITH PREJUDICE**

On January 25, 2016, pro se Plaintiff Franco Ilariucci ("Plaintiff") filed his Prisoner Civil Rights Complaint ("Complaint"). [Dkt. no. 1.] On March 24, 2016, this Court issued an order screening the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1) ("3/24/16 Order"). [Dkt. no. 11.] The 3/24/16 Order: dismissed Plaintiff's Emergency Medical Treatment and Active Labor Act of 2011 ("EMTALA") claims against all defendants except Defendant Queen's Medical Center ("QMC") with prejudice; and dismissed all of Plaintiff's other claims without prejudice, in other words, with leave to amend. The 3/24/16 Order gave Plaintiff until April 21, 2016 to file an amended complaint that cured the defects identified in the 3/24/16 Order.

Because Plaintiff has neither filed his amended complaint nor requested an extension of the April 21, 2016

deadline, this Court has the discretion to dismiss his remaining claims with prejudice. See Yourish v. Cal. Amplifier, 191 F.3d 983, 988 (9th Cir. 1999) (holding that the plaintiff's failure to comply with a minute order setting forth the deadline to file the amended complaint gave the district court the discretion to dismiss the case under Fed. R. Civ. P. 41(b))[1]. After weighing the five dismissal factors set forth in Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011),[2] this Court finds that the public interest in the expeditious resolution of this litigation and this Court's interest in managing the docket strongly outweigh the policy favoring disposition of cases on the merits. Moreover, this Court finds that the defendants will not be prejudiced by dismissal because they were never served with the Complaint, and there are no less drastic alternatives available at this time.

---

[1] Fed. R. Civ. P. 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

[2] The Ninth Circuit has

> identified five factors that a district court must consider before dismissing a case . . . : (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Dreith, 648 F.3d at 788 (citations and quotation marks omitted).

Thus, the claims in Plaintiff's Complaint that this Court previously dismissed without prejudice are HEREBY DISMISSED WITH PREJUDICE.  This means that Plaintiff has no remaining claims in this case.  As this Court explained in the 3/24/16 Order, the dismissal of this case may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  [3/24/16 Order at 33-34.]

This Court DIRECTS the Clerk's Office to close the case on **July 5, 2016**, unless Plaintiff files a motion for reconsideration of this Order by **June 20, 2016**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 2, 2016.



   /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**FRANCO ILARIUCCI-COLON VS. QUEEN'S MEDICAL CENTER, ET AL; CIVIL 16-00030 LEK-RLP; ORDER DISMISSING CASE WITH PREJUDICE**